UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 7 |
| Kenneth Ames, | ) | Case No. 11-40020-MSH |
| | ) | |
| Debtor | ) | |
| | ) | |

### MOTION OF THE WILLIAMSBURG CONDOMINIUM NO. 1 TRUST
### FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE MELVIN S. HOFFMAN, BANKRUPTCY JUDGE:

The Williamsburg Condominium No. 1 Trust (the "Trust"), a secured statutory lien creditor in the above-captioned proceeding, hereby moves pursuant to §362(d) of the United States Bankruptcy Code, for Relief from the Automatic Stay, so as to permit the Trust to exercise any and all of its contractual and statutory rights against Kenneth Ames (the "Debtor") to establish a statutory lien and to pursue all legal rights and remedies available to it in accordance with M.G.L. c. 183A, §6 and c. 254, §§5 and 5A, including, but not limited to, foreclosure of the statutory lien against the Debtor's property located at Unit 262 of the Williamsburg Condominium No. 1 with a street address of 178 Wellman Avenue, Unit 262, Chelmsford, Massachusetts (the "Chelmsford Property"). The Trust states that it is entitled to relief pursuant to §362(d)(1) and (d)(2), as there is no reorganization being sought by the Debtor, the Trust is not adequately protected, the Debtor has failed to comply with §523(a)(16), there is no equity in the Chelmsford Property, and the Chelmsford Property is listed as being surrendered in the Debtor's Statement of Intention.

1

## FACTS

1.    The Debtor is the sole record title holder of the Chelmsford Property, and resides at 7 Garden Lane, Bedford, New Hampshire.

2.    The Trust is comprised of the elected members of the governing board of the Williamsburg Condominium No. 1 Trust, which is the organization of unit owners of the Williamsburg Condominium No. 1, a Massachusetts condominium trust organized under Massachusetts General Laws, Chapter 183A, in order to manage the Williamsburg Condominium No. 1 (the "Condominium").

3.    Pursuant to M.G.L. c. 183A, §6, and the applicable provisions of the Condominium's documents, the Trust assessed the Debtor's Unit for his proportionate share of the common expenses of the Condominium, which are currently in the amount of $302.00 per month.

4.    The Debtor filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code on December 30, 2010.

5.    The Debtor has failed to pay his monthly condominium fees, late fees, assessments, expenses and collection costs when due and owing and has incurred arrearages in the amount of $1,393.00; plus bankruptcy legal fees and filing fees in the amount of $675.00 for this motion, for a total arrearage to date of $2,068.00.  It is expected that if a Hearing is required, the February, 2011 condominium fee of $302.00 will then be due and owing and the Trust will incur additional legal fees in the amount of $500.00 for an estimated total of $2,870.00.

6.    As of the date of the filing of this bankruptcy proceeding, the automatic provisions of 11 U.S.C. §326(a) became effective.  Therefore, the Trust is prevented from exercising its rights as a secured creditor of the Debtor as set forth under certain applicable state laws, including, without limitation, its rights to commence a collection action for non-payment of condominium

2

fees pursuant to M.G.L. c. 183A and c. 254. By the Motion brought herein, the Trust seeks a termination of the automatic stay pursuant to 11 U.S.C. §326(d)(1) and (d)(2).

GROUNDS FOR RELIEF FROM THE AUTOMATIC STAY

7. The Debtor has failed to make the condominium fee payments as and when due and owing and has incurred arrearages in the amount of $2,068.00, including costs and legal fees. Monthly condominium fees are the lifeblood of a condominium trust, and the Debtor's failure to so comply with §523(a)(16) and the constituent condominium documents establishing the Condominium, seriously impairs the ability of the Trust to provide the necessary services of condominium community living to all other unit owners and has imposed a severe financial strain on the Trust. There is no other collateral for the Trust's lien other than the Chelmsford Property.

8. In addition to the Trust's lien, the Chelmsford Property is encumbered by a mortgage currently held by Bank of America Home Loan Service (appears on record in the name of Mortgage Electronic Registration Systems, Inc.) (hereinafter "BOA"), in the approximate amount of $255,440.81, according to the Debtor's Schedule D. There is also an Execution recorded against the Chelmsford property in favor of First National Bank of Omaha in the amount of $9,480.00 according to the Debtor's Schedule D. Altogether, with the amounts due and owing to the Trust the Chelmsford Property has approximately $266,988.81 in secured encumbrances.

9. According to the Debtor's Schedule D, the fair market value of the Chelmsford Property is approximately $226,000.00, which the Trust accepts for purposes of this Motion. The liquidation value of the Chelmsford Property is calculated as $226,000.00, less a reasonable

realtor's fee (5%) of $11,300.00, deed tax stamps of $1,030.56, and anticipated closing costs for a real estate closing estimated at $500.00, for an approximate liquidation value of $213,169.44. After subtraction of the secured encumbrances, the Debtor has no equity in the Chelmsford Property.

10.     The Trust is seeking relief pursuant to §362(d)(1) and (d)(2) in order to establish and enforce its statutory lien against the Chelmsford Property as the Trust has no other remedy available to it to collect the unpaid common area expenses, which are its sole source of revenue collected to operate the Condominium for the benefit of all unit owners.  The Debtor has failed to pay his monthly condominium fees and assessments as required, and is over four months in arrears and therefore, the Trust's interest in the Chelmsford Property is not adequately protected. In order to prioritize its lien as to BOA, and collect the amounts due and owing to it, the Trust needs to be able to continue with its collection/foreclosure action against the Debtor pursuant to M.G.L. c. 183A, Section 6.

11.     As this case is a proceeding under Chapter 7 of Title 11, there is no prospect of a reorganization as envisioned under 11 U.S.C. §362 (d)(2)(B).  Further, the Debtor enjoys no equity in the Chelmsford Property, has failed to comply with §523(a)(16), the Trust is not adequately protected, and the Debtor lists the Chelmsford Property as being surrendered in his Statement of Intention.  Therefore, the Trust is entitled to relief pursuant to §362 (d)(1) and (d)(2).

4

WHEREFORE, the Williamsburg Condominium No. 1 Trust respectfully requests that this Court enter an order affording it relief from the automatic stay in order to allow Movant to exercise any and all of its rights and remedies as a condominium trust under state law, including, but not limited to, the continuation of its collection action to obtain judgment to foreclose the Chelmsford Property. In accordance with Local Rules, the Trust requests that this Motion be allowed without a Hearing unless an objection is timely filed.

        Respectfully submitted

        WILLIAMSBURG CONDOMINIUM
        NO. 1 TRUST,

        By its attorneys,
        MARCUS, ERRICO, EMMER
        & BROOKS, P.C.

        /s/ Erik Shaughnessy
        Erik Shaughnessy, Esquire
        BBO# 667790
        45 Braintree Hill Office Park, Suite 107
        Braintree, Massachusetts 02184
        (781) 843-5000
        Email: eshaughnessy@meeb.com

Dated: January 10, 2011

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| Kenneth Ames, ) | Case No. 11-40020-MSH |
| ) | |
| Debtor ) | |

**CERTIFICATE OF SERVICE**

I, Erik Shaughnessy, hereby certify on this 10th day of January, 2011, a true and correct copy of the foregoing MOTION OF THE WILLIAMSBURG CONDOMINIUM NO. 1 TRUST FOR RELIEF FROM THE AUTOMATIC STAY and PROPOSED ORDER, by causing same to be electronically filed with the Court, and by causing a copy of the Motion for Relief to be mailed first class, postage prepaid, to any of the parties listed on the attached Service List, not noted as having received electronic service.

/s/ Erik Shaughnessy
Erik Shaughnessy, Esquire
BBO# 667790
MARCUS, ERRICO, EMMER
& BROOKS, P.C.
45 Braintree Hill Office Park, Suite 107
Braintree, Massachusetts 02184
(781) 843-5000
Email: eshaughnessy@meeb.com

## SERVICE LIST

Kenneth Ames
7 Garden Lane
Bedford, NH 03110
(Debtor)

Osborn Nzepuome, Esq.
22 High Street, Suite 10
Medford, MA 02155
(Debtor's Counsel)

Janice G. Marsh
The Marsh Law Firm, PC
446 Main Street, 19th Floor
Worcester, MA 01608
(Chapter 7 Trustee)

Richard King
Office of US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
(US Trustee)

Mortgage Electronic Registration Systems, Inc.
1901 E. Voorhees Street, Suite C
Danville, IL 61834

Bank of America Home Loan Service
450 American Street
Simi Valley, CA 93065

First National Bank of Omaha
1620 Dodge Street
Omaha, NE 68197

Town of Chelmsford
Tax Collector's Office
50 Billerica Road
Chelmsford, MA 01824

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| Kenneth Ames, ) | Case No. 11-40020-MSH |
| ) | |
| Debtor ) | |

## ORDER ALLOWING
## RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the Motion of the Williamsburg Condominium No. 1 Trust for Relief from the Automatic Stay, filed by its attorneys, Marcus, Errico, Emmer & Brooks, P.C., after notice and hearing, for cause shown it is hereby:

ORDERED, DECREED AND ADJUDGED, that the Motion is allowed and the Williamsburg Condominium No. 1 Trust is granted unconditional relief from the automatic stay pursuant to 11 U.S.C. §362(d) and the stay pursuant to Bankruptcy Rule 4001(a)(3) to exercise its rights as a Massachusetts condominium association pursuant to M.G.L. c. 183A, §6, and c. 254 §§5 and 5A including, but not limited to, the commencement and/or continuation of an action to establish its priority lien, hold the Debtor personally liable for the post-petition common expense debt, and to foreclosure its statutory lien on the Debtor's property located at Unit 262 of the Williamsburg Condominium No. 1 with a street address of 178 Wellman Avenue, Unit 262, Chelmsford, Massachusetts, as set forth under applicable state law.

Dated this _____ day of _____, 2011.

_____
United States Bankruptcy Judge