UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 11-40020-MSH |
| KENNETH AMES ) | |
| ) | |
| Debtor. ) | |
| ) | |

**MEMORANDUM OF DECISION ON MOTION FOR RELIEF FROM STAY**

Kenneth Ames, the debtor in this Chapter 7 case, is the record owner of condominium unit number 262 at 178 Wellman Avenue, Chelmsford, Massachusetts. The condominium is managed by the Williamsburg Condominium No. 1 Trust (the "Trust"). Prior to December 30, 2010, when he filed his petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, the debtor ceased making monthly payments to the Trust for his share of common areas fees and assessments and vacated the unit. On January 2, 2011 the debtor filed a statement of intent in accordance with Bankruptcy Code § 521(a)(2)(A) stating his intention to surrender the unit. On January 10, 2011, the Trust filed a motion seeking relief from the automatic stay provisions of Bankruptcy Code § 362 to exercise its contractual and statutory rights against the unit and the debtor, including (i) establishing its statutory lien on the unit for unpaid condominium fees and assessments under Mass. Gen. Laws ch. 183A, § 6,[1] (ii) realizing on its lien by public auction sale

---

[1] Mass. Gen. Laws ch. 183A, § 6 provides that a condominium association such as the Trust acquires a lien against the units in the condominium for its fees and assessments from the time they become due. The association may begin collection efforts after a fee or assessment has been delinquent for 60 days, and may enforce its lien by filing a civil action in superior court in accordance with Mass. Gen. Laws ch. 254, §§ 5-5A and, assuming certain preliminaries are accomplished, the lien will have priority over all liens on the unit except tax liens, a first mortgage recorded before the delinquency arose and liens which pre-date the condominium master deed. The portion of the lien that represents up to six months of common area expenses plus reasonable

1

and (iii) seeking to hold the debtor personally liable for all postpetition common expense obligations to the Trust in connection with the unit.   The debtor opposes the motion with respect to the Trust's third request.[2]

Bankruptcy Code § 523(a)(16) provides that a debtor shall not receive a discharge for condominium fees and assessments that become due and payable after the bankruptcy petition is filed as long as the debtor or the trustee "has a legal, equitable or possessory ownership interest" in the unit.[3]   This section applies to Chapter 7 and Chapter 11 debtors generally and to Chapter 12 and Chapter 13 debtors only in the event of a "hardship discharge" under §§ 1228(b) and 1328(b), respectively.   *See In re Danastorg*, 382 B.R. 585, 588 (Bankr. D. Mass. 2008).   The Trust argues that because the debtor remains the record owner of the unit, any fees and assessments arising since the date of the Chapter 7 petition remain his personal obligation and are not dischargeable.

The debtor maintains that his interest in the unit terminated on January 2, 2011, when he declared his intention to surrender it, and that any subsequent fees and assessments are dischargeable.   To support his argument the debtor cites *Pratt v. GMAC (In re Pratt)*, 462 F.3d 14,

---

costs and attorneys' fees up to $2500 has priority even over the first mortgage on the unit.   This priming lien does not, however, include amounts owed for special assessments, late charges, penalties and the like.

[2] By order dated February 17, 2011, I granted the Trust's motion for relief from stay in part, permitting it to proceed with its collection efforts for the purpose of establishing its lien and selling the unit, while reserving judgment on the Trust's request to hold the debtor personally liable for postpetition fees and assessments.

[3] This seems patently obvious since § 727(b) limits discharge to debts arising prior to the date of the order for relief and the condominium fees and assessments which are subject to the § 523(a)(16) exception to discharge are limited to postpetition assessments.   It appears that § 523(a)(16) was intended to preempt any argument that postpetition fees and assessments should be considered prepetition obligations because they relate to the prepetition past when the debtor acquired the condominium unit and accepted responsibility to pay assessments.   *See In re Rivera*, 256 B.R. 828, 832 (Bankr. M.D. Fla. 2000).

2

18-19 (1st Cir. 2006), in which the First Circuit Court of Appeals held that a debtor is not required to take any affirmative action to effectuate the surrender of secured property beyond merely making the collateral available to the secured creditor.   The debtor argues that by stating his intention to surrender the condominium unit and making it available to the Trust and his mortgage lender, he effectively surrendered his legal, equitable and possessory interest in the property within the meaning of Bankruptcy Code § 523(a)(16), rendering any subsequent condominium fees and assessments dischargeable.

*Pratt* does not go where the debtor attempts to take it.   In *Pratt* the First Circuit was called upon to determine how a debtor carried out his or her duty to surrender collateral pursuant to Bankruptcy Code § 521(a)(2).   Neither *Pratt* nor § 521(a)(2) has anything to say about title, whether legal or equitable, to the collateral.   As the First Circuit observed:

> the most sensible connotation of "surrender" in the present context is that the debtor agreed to make the collateral available to the secured creditor–viz., to cede his *possessory* rights in the collateral–within 30 days of the filing of the notice of intention to surrender possession of the collateral.

*Pratt*, 462 F.3d at 18-19 (emphasis added).   Thus, the First Circuit held that when a debtor surrenders collateral pursuant to Bankruptcy Code § 521(a)(2)(B), he relinquishes only his possessory interest in the property.   Section 523(a)(16), on the other hand, deals with more than mere possessory interest[4] and provides that if a debtor retains either a legal or equitable ownership interest in a condominium unit, any postpetition fees and assessments remain nondischargeable.

---

[4] Section 523(a)(16) was amended in 2005 to significantly broaden the exception to discharge with respect to condominium fees.   Prior to the amendment, postpetition fees were dischargeable as long as the debtor did not occupy or rent the property.   The legislative history of the 2005 amendment indicates Congress' intention to render postpetition condominium fees nondischargeable "[i]rrespective of whether or not the debtor physically occupies such property. . . during the period the debtor or the trustee has a legal, equitable, or possessory ownership interest." H.R. Rep. No. 109-31, at 88 (2005).   The amendment was enacted to prevent the discharge of

3

The debtor in this case has failed to identify any authority suggesting a connection between the surrender provisions of Bankruptcy Code § 521(a)(2) and the exception to discharge established by § 523(a)(16). The fact that the debtor stated the intent to surrender the condominium unit in accordance with § 521(a)(2)(A) and has acted on that intent in accordance with § 521(a)(2)(B) does not alter his status as the title holder of the unit and thus postpetition condominium fees and assessments arising while he remains the record owner of the unit are not dischargeable under § 523(a)(16).

Having concluded that the debtor's liability for postpetition condominium fees and assessments may not be dischargeable does not necessarily mean the Trust is entitled to unconditional relief from stay to pursue the debtor now, especially where the debtor has surrendered the unit and stay relief has been granted with respect to the unit. Bankruptcy Code § 362(d) states that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or *conditioning* such stay" (emphasis added). *See In re Unanue-Casal*, 159 B.R. 90, 94 (D.P.R. 1993) (bankruptcy courts have full discretion in "fashioning the grant of relief" from stay). I previously granted the Trust partial relief on its motion to enable the Trust to take the steps necessary under state law to enforce its lien on the condominium unit. In light of the foregoing discussion, I will also grant the Trust relief from the stay to seek to hold the debtor liable for non-dischargeable postpetition condominium fees and assessments but with the caveat that the Trust first seek recovery through a sale of the condominium unit. In other words, the Trust will be given relief from the stay to proceed against the debtor individually for any

---

postpetition condominium fees and assessments that arise while a debtor who, as in this case, continues to own the unit after vacating it.

postpetition fees and assessments which are subject to § 523(a)(16) but only for amounts which remain unpaid after a sale of the debtor's condominium unit.

Dated: April 15, 2011                                                    By the Court,

                                                                         Melvin S. Hoffman
                                                                         U.S. Bankruptcy Judge